McKinney, J.,
delivered the opinion of the Court.
This was a prosecution for larceny. The value of the things stolen, as stated in the indictment, was aboye' ten dollars, and constituted grand larceny. The jury found the defendant guilty in manner and form as charged in the indictment, but fixed his term of confinement in the penitentiary at two years. The conviction is in form, for grand larceny, but in effect, for petit larceny; and there can be no doubt that the jury intended to convict him of the lesser offense only.
This incongruity on the face of the verdict, is assigned for error. The rule that a party cannot assign for error, that which is for his own advantage,' applies as well to criminal as to civil proceedings. The gist of the complaint is, that his term of confinement in the penitentiary is shorter than that prescribed by law — that instead of two years, it ought to have been three years. The error is formal merely, and cannot be made available for the prisoner.
The fact was disclosed in the progress of the trial, that Martha Criswell — who was marked as prosecutrix in the indictment, and to whom the property stolen was charged to belong — was a married woman. Before the *66 jury left tbe bar, a motion was made to quash tbe indictment - on this ground, but the Court refused to entertain tbe motion. Tbe motion was irregular, at tbe stage of tbe proceedings at which it was made; but the Court ought .to have set tbe verdict aside, .and quashed tbe indictment. See Moyers vs. State, 11 Humph., 40.
A plea was not necessary to raise tbe question of tbe incompetency of Mrs. Criswell to act as prosecutrix; by tbe express terms of tbe act of 1801, ch. 30, tbe defendant may give the act in evidence on tbe trial.
It is a matter that concerns' tbe public, as well as tbe person accused of a criminal offense, that there shall be a responsible person as prosecutor; and, therefore, it is tbe duty of tbe Court to see that this requirement of tbe law is complied with. •
Tbe proof in respect to tbe prosecutrix having been deserted, by her husband, some twelve months before this prosecution, and that it was not known where be was, amounts to nothing. It does not make a case falling within tbe principle of Cooper vs. Maddox, 2. Sneed, 135; or of tbe case Birdwell vs. Hall, at tbe present term.
For tbe purposes of tbe act of 1801, cb. 30, Mrs. Criswell must be taken as still laboring under all tbe disabilities of coverture, and Consequently, incapable of being prosecutrix in tbe present case.
Judgment reversed,, and indictment quashed.